**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>              Plaintiff,<br><br>     v.<br><br>COHESITY INC.,<br><br>              Defendant. | C.A. No. 17-1543-GMS |

**PLAINTIFF REALTIME DATA LLC'S OPPOSITION TO COHESITY'S MOTION (D.I. 10) TO DISMISS AND JOINDER IN PURE STORAGE'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

Plaintiff Realtime Data LLC ("Realtime") hereby responds in opposition to Defendant Cohesity Inc.'s ("Cohesity") motion to dismiss and joinder in Pure Storage's motion to dismiss pursuant to Rule 12(b)(6). (D.I. 10.)

In its motion, Cohesity merely referenced and joined Pure Storage's motion filed in C.A. No. 1:17-cv-01544-GMS, without providing additional arguments or authority. Accordingly, this motion should be denied for the reasons set forth in Realtime's opposition to Pure Storage's motion. (*See* C.A. No. 1:17-cv-01544-GMS at D.I. 14 (Realtime's Answering Brief in Opposition to Pure Storage's Motion to Dismiss).) As explained more fully in Realtime's Answering Brief to Pure Storage's Motion, the asserted patent claims are directed to specific and particular technological solutions that improve computer capabilities—*e.g.*, improving the ability to more effectively compress/decompress digital data so as to increase the capacity of a computer system to store more data or to transfer data more efficiently.

Three recent Federal Circuit opinions further compel a denial of Cohesity's and Pure Storage's motions. In *Finjan*, the Federal Circuit held eligible a patent for identifying suspicious

1

computer virus. *Finjan, Inc. v. Blue Coat Sys., Inc.*, --- F.3d ---, 2018 WL 341882, *2 (Fed. Cir. Jan. 10, 2018). Finjan's claim recited only three steps: (a) "receiving … a Downloadable" computer program; (2) "generating … security profile that identifies suspicious code;" and (3) "linking" the security profile to the computer program. *Id.* The claim did not specify *how* to "identif[y] suspicious code." *Id.* While acknowledging that prior Federal Circuit precedent has held that "virus screening," by itself, is an abstract idea, the court nevertheless held that Finjan's patent claim was not abstract because it was not directed to just any "virus screening," but instead limited to a particular type of virus screening, which constituted improvement in computer functionality. In so holding, the court rejected the same argument advanced by Defendants here, namely, that the claims "do not sufficiently describe how to implement" any idea. *Id.* at *4. On this point, the court held that the three recited claimed steps were all that was needed to render the claim patent-eligible. *Id*.

The Realtime claims here present an even clearer case for patent-eligibility than those at issue in *Finjan*. In contrast to the patent in *Finjan*, which was in the field of "virus screening" that previously was held to be abstract, Realtime's claims are directed to digital data compression methods and systems, which plainly is not abstract. *See DDR*, 733 F.3d at 1259. And the asserted claims are not just directed to digital data compression in general, but a *particularized* subset of novel digital data compression, which is directed to improving the capacity of a computer system to store more data or to transfer data more efficiently across computer systems. Moreover, the asserted claims require even more specific steps and components than those held eligible in *Finjan*. These include: (i) the use of *multiple* compression algorithms or techniques; (ii) identifying "parameters or attributes" of a digital data block; (iii) selecting specific techniques based upon that identification; (iv) analysis that

"excludes analyzing based solely on a descriptor"; (v) "content dependent data compression encoders"; (vi) "data accelerator" capable of "faster" performance; (vii) specific "state machine," and/or other novel combination of elements. *E.g.,* '728 patent claim 1; '203 patent claim 1; '908 patent claim 1; '751 patent claim 1.

In *Core Wireless*, the Federal Circuit affirmed eligibility of a patent in the field of summarizing and presenting information in electronic devices. *Core Wireless Licensing S.A.R.L. v. LG Elec., Inc.*, --- F.3d ---, 2018 WL 542672, \*4 (Fed. Cir. Jan. 25, 2018). In so doing, the court rejected defendants' failure to acknowledge key claim elements and cautioned that courts "must be mindful that all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Id.* at \*3. After applying the court's precedent, it held that the patent claimed "an improvement in the functioning of computers" (*id.* at \*3-4) because it was limited "to a ***particular*** manner of summarizing and presenting information in electronic devices." As in *Core Wireless*, the patents at issue here claim specific and particular manners of selecting and compressing digital data to improve the capacity of a computer system to store more data or to transfer data more efficiently across computer systems. Like in *Core Wireless,* the claims here are patent-eligible.

In *Berkheimer*, the Federal Circuit confirmed that, in a §101 analysis, "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact … [which] must be proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, No. 2017-1437 (Fed. Cir. Feb. 8, 2018). After reviewing the specification, the Federal Circuit held that "[t]he improvements in the specification . . . create a factual dispute regarding whether the invention

describes well-understood, routine, and conventional activities," and vacated in part district court's §101 ruling.

As explained in Realtime's Answering Brief In Opposition to Pure Storage's Motion (C.A. No. 1:17-cv-01544-GMS at D.I. 14), *e.g.* at pages 15-16, the asserted patents address specific problems in the prior art—as provided in the patents' specifications—and solve the problems by unconventional combination of elements as recited in the claims. In the least, the specifications of the asserted patents present factual issues regarding Defendants' unsupported assertion that the patents are directed to well-understood, routine and conventional ideas. That precludes dismissal.

| | |
|---|---|
| February 9, 2018 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Stephen B. Brauerman<br>Stephen B. Brauerman (No. 4952) |
| Marc A. Fenster | Sara E. Bussiere (No. 5725) |
| Brian D. Ledahl | 600 North King Street, Suite 400 |
| Reza Mirzaie | Wilmington, DE 19801 |
| Paul A. Kroeger | (302) 655-5000 |
| C. Jay Chung | sbrauerman@bayardlaw.com |
| RUSS, AUGUST & KABAT | sbussiere@bayardlaw.com |
| 12424 Wilshire Boulevard, 12th Floor | |
| (310) 826-7474 | *Attorneys for Plaintiff Realtime Data LLC* |
| Los Angeles, CA 90025-1031 | |
| mfenster@raklaw.com | |
| bledahl@raklaw.com | |
| rmirzaie@raklaw.com | |
| pkroeger@raklaw.com | |
| jchung@raklaw.com | |